United States District Court
Southern District of Texas
**ENTERED**
October 01, 2026
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
BROWNSVILLE DIVISION

| | | |
|---|---|---|
| YENISLEIDI HERNANDEZ RODRIGUEZ, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 1:26-CV-1045 |
| | § | |
| MARKWAYNE MULLIN, *et al.*, | § | |
| | § | |
| Respondents. | § | |

## ORDER

Petitioner Yenisleidi Hernandez Rodriguez is currently detained by Immigration and Customs Enforcement at the El Valle Detention Center in Willacy County, Texas. In this habeas action, Petitioner contests Respondents' ability to detain her without a bond hearing under 8 U.S.C. § 1225(b)(2)(A).

The Court finds that the Fifth Circuit's ruling in *Buenrostro-Mendez v. Bondi*, 166 F.4th 494 (5th Cir. 2026) forecloses Petitioner's statutory arguments. Petitioner contends that the Fifth Amendment's Due Process Clause does not permit Respondents to detain an individual under Section 1225(b)(2)(A) without an opportunity to seek bond. The Court has previously considered and rejected similar arguments. *See, e.g., Makhmudov v. Lyons*, No. 1:26-CV-024, 2026 WL 879392, at *1 (S.D. Tex. Mar. 31, 2026) (citing *Zuniga v. Lyons*, 814 F. Supp. 3d 685, 696 (N.D. Tex. 2025); *Guzman-Diaz v. Noem*, No. 3:25- CV-3008-X-BN, 2026 WL 309938, at *8 (N.D. Tex. Feb. 5, 2026); *Giron v. Noem*, No. 4:26- CV00086, 2026 WL 252370, at *2 (S.D. Tex. Jan. 28, 2026); and *Banyee v. Garland*, 115 F.4th 928, 930 (8th Cir. 2024)). Additionally, the Court finds the reasoning of other district courts in denying relief to be persuasive. *See, e.g., Castellano v. Strong*, No. 6:26-CV-125-H, ___ F.Supp.3d ___, 2026 WL 2225137, *6 (N.D. Tex. Aug. 3, 2026) ("The Due Process Clause does not require the United States to release aliens in ongoing removal proceedings after a certain period of time.").

Petitioner also bases a cause of action *Maldonado Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM (C.D. Cal.). (Pet., Doc. 1, ¶¶ 61–66) But that district court limited the reach of its judgment: "The Court cannot order nationwide release or bond hearings for Bond Eligible class members, especially so to those confined outside this judicial district." *See Bautista v. Santacruz*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3713987, at *30 (C.D. Cal. Dec. 18, 2025), *judgment entered sub nom. Maldonado Bautista v. Noem*, No. 5:25-CV-01873-SSS-BFM, 2025 WL 3678485 (C.D. Cal. Dec. 18, 2025). And other district courts have concluded that the decision represents persuasive authority rather than binding precedent. *See e.g., Rodriguez Mendoza, et al., v. Raycraft, et al.*, No. 4:25CV2183, 2026 WL 507389, at *7 (N.D. Ohio Feb. 24, 2026).

To facilitate the Court's consideration of the issues that Petitioner presents, it is:

**ORDERED** that by no later than October 22, 2026, Petitioner Yenisleidi Hernandez Rodriguez shall file a Statement explaining why the reasoning in the previously-referenced decisions does not apply to the claims that she presents.

If Petitioner does not file the Statement, the Court will deny the Petition.

The Clerk of Court is directed to serve a copy of this Order upon Respondents in accordance with the Memorandum of Understanding.

Signed on October 1, 2026.

Fernando Rodriguez, Jr.
Fernando Rodriguez, Jr.
United States District Judge